PER CURIAM.
The Township of Nutley appeals from judgments of the Tax Court which dismissed the Township’s complaints challenging *324 reductions given to nineteen taxpayers[1] by the Essex County Board of Taxation and from the denial of the Township’s motion for reconsideration. The Tax Court’s decision was rendered pursuant to a remand by this court embodied in our per curiam decision, Township of Nutley v. Anzalone, A-118-95T1 (Nutley I), dated October 11, 1996. Our prior opinion fully discusses the history of this litigation and need not be repeated. We specifically concluded, however, that on remand the trial judge was to evaluate the evidence “without any presumption of correctness afforded to the County Board of Taxation [decision to grant a ten percent reduction in the 1993 municipal tax assessment to property owners residing near Nutley Park].”
Although in its original appeal the Township alluded to pre-trial stipulations entered into between counsel for the Township and counsel for the property owners, and also indicated that those stipulations were negotiated with the assistance of the trial court, we had no reason to focus upon or address those stipulations in reaching our decision.
In the present appeal, we find that the stipulations of counsel prior to the initial de novo hearing are dispositive and mandate a reversal of the action of the County Board of Taxation and a reinstatement of the 1993 assessment on each property as originally determined by the tax assessor.
It is unquestionable' that prior to the de novo proceeding the trial judge suggested that the parties choose one property to serve as a “model” for purposes of expert appraisals and that the balance of the properties would follow the judgment of the trial judge with respect to the validity of the tax assessment on the “model” property.
*325 It also is unquestionable that the parties then realized that selecting one “model” property for appraisal would fail to resolve the assessment issue, as each of the properties were located at different distances from Nutley Park. To allow for the distance variable, counsel decided to utilize two “model” properties, one close to the park and one located at a distance away from the park. However, it became evident to both counsel that if the trial judge concluded that a negative location adjustment was warranted, he would have to extrapolate the negative location adjustment to reflect the geographic differential of each property. Accordingly, the stipulated method of presentation of evidence was abandoned.
As noted in the Township’s brief on this appeal, a fact not refuted by the property owners:
On April 13, 1995, in a telephone conference with the trial court, it was agreed that the trial in this matter would be limited solely to testimony concerning the appropriateness of a location adjustment and [the] two parties stipulated that absent a finding that a negative location adjustment was warranted, the original “pre-Creative Playground” assessments as made by the Nutley Tax Assessor were to be deemed valid.
Despite the pre-trial stipulation and our conclusion that the presumption of validity of the County Board of Taxation decision had been overcome, on remand, the trial judge concluded that the Township of Nutley “has not met its burden of persuading this court” of the true value of each of the nineteen properties.
Since it was obvious from the pre-trial stipulation that individual property values of the twenty-three properties was never an issue to be presented at the de novo hearing, Nutley sought reconsideration of the trial judge’s opinion on remand. In its reconsideration motion Nutley reminded the trial court of the pre-trial stipulations. Although the judge’s recollection was refreshed, he concluded that neither party (the Township nor counsel for the property owners) had met the “burden of persuasion” with respect to the appropriateness of a negative location adjustment, but rather than- reinstate the 1993 assessments originally set by the tax assessor, the judge reaffirmed the County Board of Taxation judgments. In reaching that conclusion, the judge erred.
*326 Simply stated, based on the stipulations of counsel, the trial judge was compelled to review the evidence presented at the de novo trial and to determine whether there was any evidence in the record to support the conclusion that a negative location adjustment was warranted which could justify reducing assessed valuation of the subject properties. Once the trial court determined that evidence of a negative location adjustment had not been established, it was incumbent to render a judgment favorable to the Township of Nutley.
In denying the Township’s motion for reconsideration, the trial judge characterized as “absurd” the concession on the part of the property owners that, absent a demonstration of a negative location adjustment, the original assessments were to be deemed valid. The wisdom of the pre-trial stipulation is not, and should not, have been the predicate of the trial judge’s decision on remand. Where the litigants have entered into an agreement prior to a trial, unless that agreement violates public policy, a statute, or rule of procedure, it should be enforced and serve as the basis for the trial judge’s decision after fully evaluating the evidence presented at trial.
Here, once the evidence presented was evaluated, the judge concluded that there was an absence of any evidence to substantiate a negative location adjustment. Accordingly, as stipulated prior to the de novo trial, the original 1993 tax assessment should have been reinstated. There simply was never any evidence presented to the County Board of Taxation which would have supported its original reduction of the 1993 assessments. The County Board of Taxation decision was not, as we concluded in the initial appeal, entitled to a presumption of correctness, and based on the pre-trial stipulations, in the absence of evidence supportive of a reduction in assessment based on a negative location adjustment, the County Board of Taxation decision should not have been affirmed.
The decision of the Tax Court is reversed. An appropriate judgment on each tax appeal shall be entered consistent with this opinion.

 ln a footnote to our first opinion, Township of Nutley v. Anzalone, A-118-95T1, we noted: "Twenty-three property owners appealed their 1993 assessment to the Essex County Tax Board. Nineteen properly owners retained one attorney, who filed an answering brief to plaintiff’s appeal. The four non-participating property owners have stipulated that they will be bound by the decision on appeal.” On this present appeal (Nutley II), the record does not modify the stipulation.